IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY M. MCLEAN and DEAN MCLEAN, | ) CIVIL ACTION NO. ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| JORDYN L. THOMPSON, | ) ) JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

AND NOW, come Plaintiffs, MARY M. MCLEAN And DEAN MCLEAN, by and through their attorneys, Kristin E. Hoffman, Esquire, Kyle A. Dipre, Esquire, and Woomer & Talarico, and complain and allege as follows:

### Parties

1. Plaintiff, Mary M. McLean (hereinafter "Wife-Plaintiff") is an adult individual residing in Sequim, Clallam County, Washington.

2. Plaintiff, Dean McLean (hereinafter "Husband-Plaintiff") is an adult individual residing in Sequim, Clallam County, Washington.

3. At all times relevant and material hereto, Wife-Plaintiff and Husband-Plaintiff were married and residing together as husband and wife.

4. Wife-Plaintiff and Husband-Plaintiff shall herein collectively be referred to as "Plaintiffs" unless otherwise specified.

5. Defendant, Jordyn L. Thompson, is an adult individual residing at 124 Jackson Road, Shavertown, Luzerne Conty, Pennsylvania 18708.

## Jurisdiction and Venue

6. This is a civil action between Plaintiffs, citizens of Washington, and Defendant, a citizen of Pennsylvania.

7. Damages sought exceed $75,000.00.

8. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

9. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## Factual Allegations

10. On or about September 22, 2024, Plaintiffs were invitees on the property, Seven Points Campground, located at 6145 Seven Points Road, Hesston, Huntingdon County, Pennsylvania 16647.

11. Plaintiffs had traveled cross-country with their five-year-old Corgi, Ruby, and had planned to stay at Seven Points Campground on their way to New England to view the fall foliage.

12. At all times relevant and material hereto, Seven Points Campground maintained a policy that all dogs were required to be on a leash, measured six (6) feet in length, at all times.

13. On the aforementioned date, Wife-Plaintiff exited the camper with Ruby, who was properly secured on a leash in accordance with campground policies. Wife-Plaintiff had merely intended to take Ruby for a walk, not knowing the fated outcome for either herself or Ruby.

14. Wife-Plaintiff and Ruby began to exit the Plaintiffs' personal campsite and walk towards the main campground.

15. Before Wife-Plaintiff made it off of the Plaintiffs' personal campsite, a large, unleashed Pitbull and/or Pitbull-mix violently mauled both her and Ruby.

16. At all times relevant and material hereto, the at-issue dog was not properly secured to a leash or confined in accordance with campground policies so as to prevent escape and injuries to other campers, like Plaintiffs.

17. As Wife-Plaintiff was attempting to fight off the at-issue dog and unleash its bite, which had sunken into Ruby, the dog turned on Wife-Plaintiff, biting and clawing her before knocking her forcefully to the ground and dragging her.

18. The Pitbull and/or Pitbull mix continued to maul Ruby and Wife-Plaintiff for another five (5) to ten (10) minutes.

19. Husband-Plaintiff, as well as several other campers, rushed to the scene of the incident after having heard the above-described attack and witnessed the large, unleashed at-issue dog violently attacking Wife-Plaintiff and Ruby.

20. After the Pitbull and/or Pitbull-mix was separated from Ruby and Wife-Plaintiff, it again launched at Ruby and began attacking her.

21. As Wife-Plaintiff was struggling, once more, to separate the dogs, a woman named Jaelyn Price, the dog owner's sister, aggressively slapped Wife-Plaintiff in the head and shoved Wife-Plaintiff's head against the side of Plaintiffs' camping trailer without provocation.

22. At all times relevant and material hereto, Defendant Jordyn M. Thompson owned, controlled, harbored, maintained, and/or cared for the large, unleashed Pitbull and/or Pitbull mix.

23. At all times relevant and material hereto, the Defendant dog owner had a duty, as set forth below, to maintain, control, care for, and/or confine her dog in accordance with both the laws of Seven Points Campground, as well as the laws of the Commonwealth of Pennsylvania, but failed to do so.

24. As a direct and proximate result of Defendant's negligence and recklessness, as set forth below, Plaintiffs were caused to suffer serious and continuing injuries, as set forth below, and their beloved dog, Ruby, died.

## Count I
### Wife-Plaintiff v. Defendant
*Negligence*

25. Wife-Plaintiff incorporates, by reference, the preceding Paragraphs as if the same is set forth at length herein.

26. The above-stated attack was a direct and proximate result of the negligence and recklessness of the Defendant in the following particulars:

   a. In failing to properly restrain the at-issue Dog on a leash;

   b. In failing to adhere to statutes and ordinances regarding proper care, maintenance, control, training and instruction of the at-issue Dog;

   c. In violating 3 Pa. Stat. §459-305 as it relates to the confinement and housing of dogs, specifically in violating subsection (A)(2) by failing to firmly secure the at-issue Dog by means of a collar, chain, or other device so that it cannot stray beyond the premises on which it is secured;

   d. In failing to abide by policies and procedures issued by the above-described public campground as they relate to leashing and securing dogs;

   e. In causing and permitting the at-issue Dog to attack Wife-Plaintiff;

   f. In failing to properly and/or adequately control the at-issue Dog so as to prevent it from causing harm to Wife-Plaintiff;

   g. In failing to exercise control over the at-issue Dog, permitting it to roam freely and aggressively and creating a foreseeable risk to those around, including Wife-Plaintiff;

   h. In negligently caring for and training the at-issue Dog such that it attacked Wife-Plaintiff;

    i.    In owning a notoriously dangerous dog when Defendant was not able to properly and/or adequately care for it;

    j.    In failing to keep the at-issue Dog in a restricted area away from persons such as Wife-Plaintiff;

    k.    In failing to adopt proper and/or adequate safety procedures when caring for the at-issue Dog;

    l.    In failing to adopt proper and/or adequate safety procedures to ensure the Dog would not attack persons such as Wife-Plaintiff; and,

    m.    In failing to properly and/or adequately train and/or instruct the at-issue Dog so as to prevent it from attacking Wife-Plaintiff; and,

    n.    In disregarding the safety of others in the campground by failing to restrain and or control the at-issue Dog as required.

27.    As a direct and proximate result of Defendant's negligence and recklessness, as set forth above, Wife-Plaintiff sustained the following injuries, some or all of which are or may be permanent:

    a.    Bite wounds to bilateral hands, requiring invasive irrigation and debridement (I&D) surgery;

    b.    Severe cellulitis infection to bilateral hands, requiring extensive orthopedic intervention;

    c.    Posttraumatic stress disorder requiring ongoing psychiatric/psychological treatment;

    d.    Nightmares;

    e.    Sleep disturbance;

  f.  Fatigue;

  g.  Severe intrusive thoughts;

  h.  Depressive disorder;

  i.  Social anxiety and isolation;

  j.  Concussion;

  k.  Hematoma of the head;

  l.  Headaches;

  m.  Dizziness;

  n.  Nausea and vomiting;

  o.  Appetite and weight disturbances;

  p.  Lethargy;

  q.  Confusion;

  r.  Swelling;

  s.  Erythema;

  t.  Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues, and vessels of the body; and,

  u.  Nervousness, emotional tension, anxiety, and depression.

28. As a direct and proximate result of the aforementioned incident, Wife-Plaintiff sustained the following damages, some or all of which are or may be permanent or ongoing:

a. She has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma;

b. She has been and will be required to expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines, and other attendant services;

c. Her general health, strength, and vitality have been impaired;

d. She has been and will in the future be unable to enjoy various pleasures of life that she previously enjoyed.

### Count II
### Husband-Plaintiff v. Defendant
*Negligence*

29. Husband-Plaintiff incorporates, by reference, the preceding Paragraphs as if the same is set forth at length herein.

30. The above-stated attack was a direct and proximate result of the negligence and recklessness of the Defendant in the following particulars:

a. In failing to properly restrain the at-issue Dog on a leash;

b. In failing to adhere to statutes and ordinances regarding proper care, maintenance, control, training and instruction of the at-issue Dog;

c. In violating 3 Pa. Stat. §459-305 as it relates to the confinement and housing of dogs, specifically in violating subsection (A)(2) by failing to firmly secure the at-issue Dog by means of a collar, chain, or other device so that it cannot stray beyond the premises on which it is secured;

d. In failing to abide by policies and procedures issued by the above-described public campground as they relate to leashing and securing dogs;

e. In causing and permitting the at-issue Dog to attack Wife-Plaintiff;

f. In failing to properly and/or adequately control the at-issue Dog so as to prevent it from causing harm to Wife-Plaintiff;

g. In failing to exercise control over the at-issue Dog, permitting it to roam freely and aggressively and creating a foreseeable risk to those around, including Wife-Plaintiff;

h. In negligently caring for and training the at-issue Dog such that it attacked Wife-Plaintiff;

i. In owning a notoriously dangerous dog when Defendant was not able to properly and/or adequately care for it;

j. In failing to keep the at-issue Dog in a restricted area away from persons such as Wife-Plaintiff;

k. In failing to adopt proper and/or adequate safety procedures when caring for the at-issue Dog;

l. In failing to adopt proper and/or adequate safety procedures to ensure the Dog would not attack persons such as Wife-Plaintiff; and,

m. In failing to properly and/or adequately train and/or instruct the at-issue Dog so as to prevent it from attacking Wife-Plaintiff; and,

n. In disregarding the safety of others in the campground by failing to restrain and or control the at-issue Dog as required.

31. As a direct and proximate result of Defendant's negligence and recklessness, as set forth above, Husband-Plaintiff sustained the following injuries, some or all of which are or may be permanent:

   a. Posttraumatic stress disorder requiring ongoing psychiatric/psychological treatment;

   b. Depression;

   c. Anxiety;

   d. Nightmares;

   e. Sleep disturbance;

   f. Severe intrusive thoughts;

   g. Appetite and weight disturbances; and,

   h. Nervousness, emotional tension, anxiety, and depression.

32. As a direct and proximate result of the aforementioned incident, Husband-Plaintiff sustained the following damages, some or all of which are or may be permanent or ongoing:

   a. He has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of his emotional and psychological trauma;

   b. He has been and will be required to expend large sums of money for psychological treatment and care, rehabilitation and therapeutic treatment, medicines, and other attendant services;

   c. His general health, strength, and vitality have been impaired;

   d. He has sustained lost earnings; and,

  e. He has been and will in the future be unable to enjoy various pleasures of life that she previously enjoyed.

### Count III
### Wife-Plaintiff v. Defendant
*Loss of Consortium*

33. Wife-Plaintiff incorporates, by reference, the preceding Paragraphs as if the same is set forth at length herein.

34. As a direct and proximate result of Defendant's negligence and/or recklessness, Wife-Plaintiff has sustained the following damages:

  a. She has been, and will be required to expend large sums of money for her husband's psychological treatment and care, rehabilitation and therapeutic treatment, medicines, and other attendant services; and,

  b. She has been and will continue to be deprived of the services, assistance, companionship, and society of her husband.

### Count IV
### Husband-Plaintiff v. Defendant
*Loss of Consortium*

35. Husband-Plaintiff incorporates, by reference, the preceding Paragraphs as if the same is set forth at length herein.

36. As a direct and proximate result of Defendant's negligence and/or recklessness, Husband-Plaintiff has sustained the following damages:

  c. He has been, and will be required to expend large sums of money for his wife's medical care, medical supplies, psychological treatment and care, rehabilitation and therapeutic treatment, medicines, and other attendant services; and,

  d. He has been and will continue to be deprived of the services, assistance, companionship, and society of his wife.

## Prayer for Relief

WHEREFORE, Plaintiffs respectly request that this Honorable Court enter judgment against Defendant for:

  a. Special damages, including, but not limited to medical and out-of-pocket expenses;

  b. General damages, including, but not limited to pain, suffering, and loss of enjoyment of life's pleasures;

  c. Punitive damages;

  d. The cost of this suit, including attorney fees, court costs, and interests; and,

  e. Such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

         Respectfully submitted:

         Woomer & Talarico

         _____
         Kristin E. Hoffman, Esquire
         PA I.D. #325751
         *Attorney for Plaintiffs*

         Kyle A. Dipre, Esquire
         PA I.D. # 332746
         *Attorney for Plaintiffs*

Woomer & Talarico
Three Parkway Center, Suite 300
Pittsburgh, PA 15220
Tele # (412) 388-0848

## VERIFICATION

We, Mary M. McLean and Dean McLean, being duly sworn according to law, depose and say that the facts contained in the foregoing Complaint are true and correct to the best of our knowledge, information and belief. We understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

*Mary M. McLean*
Mary M. McLean

*Dean McLean*
Dean McLean